An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF THE PARENTAL
RIGHTS AS TO: E.W., MINOR CHILD.

No. 63767

MICHAEL O.W.; AND JENNIFER L.W.,
Appellants,
vs.
WASHOE COUNTY DEPARTMENT OF
SOCIAL SERVICES,
Respondent.

FILED

DEC 1 8 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is an appeal from a district court order terminating appellants' parental rights as to the minor child. Second Judicial District Court, Family Court Division, Washoe County; Deborah Schumacher, Judge.

On May 12, 2011, when E.W. was three weeks old, he had failed to gain weight at a normal rate and was diagnosed with failure to thrive by a public health nurse. He was removed from appellants' home and placed in foster care pursuant to a warrant obtained by respondent. Respondent created reunification case plans for appellants on August 10, 2011. Psychological evaluations indicated that both appellants suffer from some cognitive limitations. Despite complying with their case plans, completing all of the case plan action steps, and maintaining consistent periodic contact with E.W., respondent determined that neither appellant was able to achieve their case plan objectives. Respondent petitioned to terminate appellants' parental rights, and on July 3, 2013, the district court granted the petition.

A party petitioning to terminate parental rights must establish by clear and convincing evidence that (1) termination is in the

SUPREME COURT
OF
NEVADA

(O) 1947A

15-38756

child's best interest, and (2) parental fault exists. NRS 128.105 (1999) (amended 2015); *In re Parental Rights as to A.L.*, 130 Nev., Adv. Op. 91, 337 P.3d 758, 761 (2014). The district court found that terminating appellants' parental rights was in E.W.'s best interest and found three parental fault grounds: parental unfitness, failure of parental adjustment, and risk of serious injury to E.W. if returned to appellants' home. *See* NRS 128.105(2)(c)-(e) (1999) (amended 2015). Appellants argue that their case plans and the services provided to them by respondent did not account for their cognitive delays, and thus, their failure to complete their case plans, make behavior changes, and reunify with E.W. were not grounds to terminate their parental rights. Having considered the parties' arguments and reviewed the record, we conclude that the district court correctly applied the law, and substantial evidence supports the district court's factual findings. *See A.L.*, 130 Nev., Adv. Op. 91, 337 P.3d at 761 (providing that this court reviews the district court's findings of fact for substantial evidence, and questions of law de novo).

Substantial evidence supports the district court's finding of parental fault. As to parental unfitness, testimony established that E.W. was diagnosed with failure to thrive while in appellants' care and medical causes of this condition were ruled out. Appellants did not display appropriate recognition of E.W.'s hunger cues and when E.W. was removed from appellants' home his weight had become so low for his age that it no longer appeared on an infant growth chart. Additionally, appellants were unable even together to exhibit appropriate parenting after E.W. was removed. For example, Jennifer was aggressive toward the child during visits, and Michael was passive toward the child and Jennifer and was unable to correct Jennifer when she demonstrated inappropriate

parenting, such as improper feeding. This evidence supports the district court's determination that appellants failed to provide E.W. with proper care and were unfit parents. *See* NRS 128.105(2)(c) (1999) (amended 2015); NRS 128.106(1) (2013) (amended 2015) (providing that when determining parental fitness, a court shall consider any mental deficiency that "renders the parent consistently unable to care for the immediate and continuing physical or psychological needs of the child"); NRS 128.018 (defining parental unfitness).

The district court's finding that appellants failed to adjust is also supported by substantial evidence.[1] *See* NRS 128.105(2)(d) (1999) (amended 2015). Appellants did not meet their case plan objectives, and testimony established that appellants did not make behavior changes necessary to provide proper care for E.W. Moreover, two children previously living in appellants' home had been diagnosed with failure to thrive and removed by respondent, but appellants were not able to admit or recognize the nutritional deficiency that led to the failure-to-thrive diagnosis and the safety threat the children faced as a result of insufficient nutrition and care. The testimony regarding appellants' inability to make behavior changes, complete their case plans, and demonstrate a sufficient understanding of these children's failure-to-thrive conditions supports the district court's finding of appellants' failure to adjust.[2] NRS 128.0126 (stating that failure of parental adjustment

---

[1]To the extent appellants argue that the district court improperly made findings regarding appellants' previous experience with respondent based on hearsay, we conclude that this argument lacks merit.

[2]Because substantial evidence supports the district court's failure-to-adjust findings, it is immaterial to the outcome of this appeal that the
*continued on next page...*

SUPREME COURT
OF
NEVADA

(O) 1947A

occurs when a parent is unable to substantially correct "the circumstances, conduct or conditions which led to the placement of their child outside of their home"); *see In re Parental Rights as to A.P.M.*, 131 Nev., Adv. Op. 66, ___ P.3d ___, ___ (2015) (holding that "a completed case plan does not prohibit the district court from terminating parental rights if termination is otherwise warranted").

Substantial evidence also supports the district court's third finding of parental fault: a risk of serious physical injury to E.W. if he were to be returned to appellants' home. *See* NRS 128.105(2)(e) (1999) (amended 2015). Testimony established that E.W. failed to thrive in appellants' care prior to removal and that appellants had failed to adjust their behavior to consistently display appropriate parenting. NRS 128.013(c), (d) (providing that "injury" to a child's health occurs when a parent neglects to provide the child proper subsistence, or fails to provide the child adequate care).

Appellants additionally argue that terminating their parental rights was not in E.W.'s best interest. NRS 128.109(2) (1999) (amended 2015) provides that when a child is removed from the home under NRS Chapter 432B and resides out of the home for 14 of 20 consecutive months, a court must presume that terminating the parental rights serves the child's best interest. Appellants contend that applying the best-interest presumption under NRS 128.109(2) is unfair because respondent failed to develop an appropriate case plan tailored to appellants' needs and contributed to the time lapse that triggered the presumption. NRS

---

*...continued*
district court declined to apply the evidentiary presumption provided by NRS 128.109(1)(b) (1999) (amended 2015).

128.109(3), however, states that the NRS 128.109(2) presumption "must not be overcome or otherwise affected by evidence of failure of the State to provide services to the family." NRS 128.109(3) (1999) (amended 2015). Additionally, appellants did not provide sufficient evidence that additional services could bring about reunification within a reasonable time. NRS 128.107(4). Finally, substantial evidence supports the district court's findings that E.W. was placed with an experienced and stable foster family, with whom E.W. is well bonded, and thus, terminating appellants' parental rights is in E.W.'s best interest.

Accordingly, we

ORDER the judgment of the district court AFFIRMED.[3]

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc: Hon. Deborah Schumacher, District Judge, Family Court Division
Legal Aid Center of Southern Nevada, Inc.
Hutchison & Steffen, LLC
Washoe County District Attorney
Washoe District Court Clerk

---

[3]The district court found appellants had rebutted the NRS 128.109(1)(a) (1999) (amended 2015) presumption regarding token efforts, however, because only one parental fault ground is required to terminate parental rights under NRS 128.105(2) (1999) (amended 2015), the absence of token efforts does not affect the outcome of this case.

SUPREME COURT
OF
NEVADA

(O) 1947A